IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS CHARLES GARCIA,

    Petitioner,

v.                                             No. 2:24-cv-687-DHU-JMR

STATE OF NEW MEXICO, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner's post-judgment Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("IFP Motion"). Doc. 5. Petitioner is incarcerated and is proceeding *pro se*. The Court previously dismissed Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Habeas Petition"), Doc. 1, without prejudice pursuant to Fed. R. Civ. P. 41(b). *See* Doc. 3 ("Dismissal Order"). The Court has considered the IFP Motion, the record of this case and Petitioner's underlying state-court criminal case, and relevant law. For the reasons stated below, the Court denies the IFP Motion without prejudice as moot and denies relief under Fed. R. Civ. P. 59(e) without prejudice to Petitioner completing the required state-court exhaustion of his claims.

On October 16, 2019, Petitioner was convicted pursuant to a guilty plea of two counts of second degree murder and one count of aggravated assault with a deadly weapon. *See* Plea and Disposition Agreement, filed in Case No. D-307-CR-2017-00645.[1] On January 23, 2020, the

---

[1] To better interpret the citations in the Habeas Petition, the Court took judicial notice of Petitioner's state court criminal docket, Case No. D-307-CR-2017-00645. *See Mitchell v.*

state court sentenced Petitioner to a term of thirty-one years and six months.   *See* Judgment, Order and Commitment to the Corrections Department, filed in Case No. D-307-CR-2017-00645.

Petitioner filed his Habeas Petition in this Court on July 5, 2024.   He challenges his state-court convictions on the grounds of ineffective assistance of counsel, *inter alia*.   *See* Doc. 1.   By an Order entered May 21, 2025, the Court directed Petitioner to either pay the $5 habeas filing fee or a motion to proceed *in forma pauperis* within thirty days, as required by Habeas Corpus Rule 3(a).   Doc. 2 ("Cure Order").   Petitioner did not comply, show cause for such failure, or otherwise respond to the Cure Order.   Consequently, on August 11, 2025, the Court dismissed the Habeas Petition without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with the Court's Rules.   Doc. 3 ("Dismissal Order").

Petitioner filed his IFP Motion on August 27, 2025, stating he "did send in the $5.00, and it was sent back."   Doc. 5 at 1.   Because this case has been closed and dismissed without prejudice, the IFP Motion is moot.   The Court may liberally construe the IFP Motion as a request to open this case.   *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (liberally construing pro se pleadings and noting that a plaintiff's pro se characterization of claims is not dispositive).   To the extent the IFP Motion is a request to reopen this case, the Court considers it under Fed. R. Civ. P. 59(e).   *See Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008) (explaining a motion to reconsider filed within 28 days after entry of the final judgment is generally analyzed under Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (same).   Grounds for reconsideration under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

---

*Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner has not made any arguments to reopen the case and has not demonstrated the case should be reopened based on new law or evidence. Nevertheless, the Court independently reviewed the state-court docket in Petitioner's criminal case, and it appears the Petition is untimely and Petitioner has not exhausted his state court remedies. Under 28 U.S.C. § 2244(d)(1)(A), Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final, which is when the period for seeking direct review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). Section 2254's "exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC).

Here, the Petition and associated state docket reflect that Petitioner's state-court Judgment was entered on January 23, 2020, and Petitioner has not filed a direct appeal of his conviction or a state habeas petition. The New Mexico State Courts' re:SearchNM website, which tracks all New Mexico trial court and appellate filings, confirms that Petitioner did not present his claims to the NMSC. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/. Accordingly, Petitioner's best chance for habeas relief is to complete the exhaustion requirement by pursuing a state habeas petition. Once his claims are exhausted, he can refile his claims in this court. *See Jimenez v. Quarterman* 555 U.S. 113, 120-21 (2009) (holding that a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal").

3

For these reasons, the Court denies the IFP Motion without prejudice to Petitioner completing the required state-court exhaustion of his claims.   To the extent necessary, the Court will also deny a certificate of appealability under Habeas Rule 11.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *United States v. Elliott*, 807 Fed. App'x 801, 802 (10th Cir. 2020) (district courts must grant or deny a certificate of appealability in connection with post-judgment motions).

**IT IS THEREFORE ORDERED** that Petitioner's post-judgment Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 5**) is **DENIED without prejudice** to Petitioner completing the required state-court exhaustion of his claims; and a Certificate of Appealability is **DENIED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4